UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNMI LEE,<br><br>     *Plaintiff*,<br><br>-against-<br><br><br>GENESIS CREDIT MANAGEMENT, LLC<br>and EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br><br>     *Defendants*. | **CASE No.: 1:20-cv-04447 (PAE) (SN)** |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

  IT IS HEREBY STIPULATED by and between Plaintiff and Genesis Credit Management, LLC ("Genesis") and Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

  WHEREAS, documents and information may be sought, produced or exhibited by and between the Parties to this action containing (a) a trade secret or other confidential research, development, or commercial information belonging to Genesis and Experian, and (b) non-party consumer information;

  THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

  1. The following provisions shall govern the exchange of confidential information in this matter.

  2. Counsel for each Party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if the party has a reasonable and good faith belief the material contains a trade secret or other confidential research, development or commercial information; or personal or financial information of a consumer other than plaintiff. Information and documents designated as confidential are to be stamped "CONFIDENTIAL" (collectively, confidential information and

documents are "Confidential Information"). To the extent electronically stored information is produced in a format that does not permit the branding of the designation on the face of the document (*e.g.* native Excel or database exports), the producing Party shall add the abbreviation "CONF." to the file name of such documents.

3. Unless ordered by the court or otherwise provided for herein, Confidential Information disclosed will be held and used by the Party receiving such information solely for use in connection with the above-captioned action.

4. Whether or not stamped or otherwise designated "CONFIDENTIAL," any and all documents and information disclosed by any Party concerning any consumer other than Plaintiff in this action shall be treated as Confidential Information by all Parties.

5. Burden on Designating Party: Except for documents and information concerning consumers other than Plaintiff (which shall be treated as Confidential Information pursuant to Paragraph 4, above), this Order shall be without prejudice to the right of any Party to bring before this Court at any time the question of whether any particular information is properly designated "CONFIDENTIAL." The burden of proving that information is properly designated pursuant to this Order, except with respect to documents and information concerning consumers other than Plaintiff, shall be on the Designating Party.

6. In the event that one Party challenges another Party's designation of documents or information as CONFIDENTIAL, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the designating party shall submit a motion to the court within ten (10) days of such objection, or the material will not be subject to this order. If a motion is timely filed by the designating party, the material will be subject to this order pending a ruling by the court.

7. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. A Party and that Party's counsel of record and any co-counsel, including in-house counsel.

    b. Employees of such counsel assigned to and necessary to assist in the litigation.

    c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

    d. Subject to the condition set forth in Paragraph 11, below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel.

    e. Subject to the condition set forth in Paragraph 11, below: any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information.

8. Highly Confidential – Attorney's Eyes Only:

    a. If a Party or non-party producing documents in this action believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the producing Party if particular documents it designates as "Confidential" are disclosed, the producing Party may designate those particular documents as "Confidential – Attorney's Eyes Only." Information and documents so designated are to be stamped "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The "Confidential – Attorney's Eyes Only" designation shall be reserved for such information that, in the good faith judgment of the Party making the designation, would be highly detrimental if disclosed to a business competitor.

    b. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential – Attorney's Eyes Only" or pursuant to a court order, any document, transcript, or pleading given "Confidential – Attorney's Eyes Only" treatment hereunder, and any information contained in or derived from any such materials (including, but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential – Attorney's Eyes Only" hereunder) may not be disclosed to any person other than: (a) a Party's outside counsel of record in this action and co-counsel, if any, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) subject to the condition set forth in Paragraph 11, below, experts specifically consulted in their capacity

       as consultants or expert witnesses in connection with this litigation, (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) the author of the document or the original source of the information (including current or former employees and agents of the author of documents, to the extent reasonably necessary for prosecution or defense of the claims); (f) subject to the condition set forth in Paragraph 12 of the Order: any fact witnesses, other than any current or former employees, agents or affiliates of any credit clinic or credit repair organization, properly identified in Plaintiff's initial disclosures and as further limited by Paragraph 8c, below; and (g) Plaintiff.

    c. Prior to Plaintiff disclosing or displaying materials designated "Confidential – Attorney's Eyes Only" to any fact witness not identified in Plaintiff's initial disclosures, Plaintiff's counsel shall: (a) notify the designating individual or entity of the identity of such witnesses and (b) provide such individual or entity with fourteen (14) days to object prior to any such disclosure.

    d. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential – Attorney's Eyes Only," or pursuant to prior order after notice, no materials designated "Confidential – Attorney's Eyes Only" shall be disclosed to any current or former employees, agents or affiliates of any credit clinic or credit repair organization.

    e. Unless otherwise specified herein, all provisions of this Order discussing or referencing "Confidential Information" shall apply equally to materials designated "Confidential – Attorney's Eyes Only."

9. Use of Confidential Materials at Trial: Nothing in this Order shall prevent a Party from using at trial any information or materials designated "Confidential" or "Confidential – Attorney's Eyes Only."

10. Prior to disclosing or displaying Confidential Information, or information designated "Confidential – Attorney's Eyes Only" to any person, counsel shall:

    a. inform the person of the confidential nature of the information or documents;

    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

11. Confidential Information, or information designated Confidential – Attorney's Eyes Only, produced pursuant to this order shall not be made available to any person designated in Paragraphs 7d, 7e, 8b(b), and 8b(f) unless he or she shall have first read this order and agree to be bound by its terms.

12. Confidentiality Designation Does Not Constitute Evidence: This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential – Attorney's Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. The disclosure of a document or information without designating it as "Confidential" or "Confidential – Attorney's Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Confidential – Attorney's Eyes Only provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery. If so designated, the document or information shall thenceforth be treated as Confidential Information or Confidential – Attorney's Eyes Only subject to all of the terms of the Stipulation and Order.

14. Clawback for Privileged Information: If a Party's production of documents inadvertently includes privileged documents or documents containing privileged information, such Party's inadvertent production of any such documents will not constitute a waiver of privilege. Upon being advised by the producing Party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged or to contain privileged information, the receiving Party shall promptly take reasonable steps to locate and return or destroy all copies of any such document (with the producing Party bearing the reasonable costs of such locating and return or destruction, including any reasonable database modification costs) and any such document shall not thereafter, in any event, be used for any purpose, unless adjudicated not to be privileged. Nothing in this Paragraph shall alter any attorney's responsibilities under applicable laws or codes of ethics when confronted with inadvertently produced privileged information or documents.

15. At the conclusion of the litigation, the Confidential Information or information

designated Confidential – Attorney's Eyes Only and any copies thereof shall be promptly, (and in no event no later than sixty (60) days after entry of final judgment no longer subject to further appeal), returned to the producing Party or destroyed at the option of the receiving Party provided that the producing Party request the same in writing, except that the Party's respective counsel shall be permitted to retain their working files on the condition that such files will remain confidential. If a Party's counsel elects to retain his or her working file, any Confidential Information or information designated Confidential – Attorney's Eyes Only in the working file remains subject to all other terms of the Order, including Paragraph 3.

September 24, 2020

/s/ Adam G. Singer
Adam G. Singer
**LAW OFFICE OF ADAM G. SINGER, PLLC**
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428
E: asinger@adamsingerlaw.com
*Counsel for Plaintiff*

/s/ Peter Cipparulo, III
LAW OFFICES OF PETER CIPPARULO, III, LLC
349 Route 206, Suite K
Hillsborough, NJ 08844
T: 908.275.8777
E: petercipparulo@cipplaw.com
*Counsel for Genesis Credit Management, LLC*

/s/ Ashley D. Burman
JONES DAY
250 Vesey Street
New York, New York 10281
T: 212.326.3823
E: aburman@Jonesday.Com
*Counsel for Experian Information Solutions, Inc*

SO ORDERED.

_Paul A. Engelmayer_
The Hon. Paul A. Engelmayer
United States District Judge
9/28/2020

## EXHIBIT A DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20____.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the Party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this_____day of_____, 20__ at_____.

_____
QUALIFIED PERSON